

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

June 5, 1939

Mr. David E. Mulcahy
County Attorney
El Paso County
El Paso, Texas

Dear Sir:

Opinion No. O-696
Re: Whether Commissioners' Court may
expend funds from the public build-
ing and improvement fund for pur-
chasing books for county free
library under provisions of Article
1677-1696, Revised Civil Statutes
of Texas, 1925.

We acknowledge receipt of your letter of May
26th, clarifying your original request for an opinion from
this department as set out in your letter of April 24th,
accompanied by your brief. In accordance with your most
recent letter, we are able to confine our opinion to the
questions set forth therein and which concerns the use of
the public building and improvement fund as provided for
under Article 8, Section 9 of the Constitution of Texas.
Your questions read as follows:

"May the Commissioners' Court pay for
library books purchased under authority of
Articles 1677 to 1696, of the Revised Civil
Statutes, out of the Public Building and Im-
provement Funds:

"(a) When said books are to be housed
in the courthouse or other public building
owned by the county?

"(b) When said books are to be housed
in the present library building, owned by
the City of El Paso, or any other public
building not owned by the County?"

Article 1677, Revised Civil Statutes, reads as follows:

"The commissioners court of any county may establish, maintain, and operate within their respective counties, county free libraries in the manner and with the functions prescribed in this title. The said court shall also have the power and authority to establish in co-operation with another county or counties a joint free county library for the benefit of the co-operative counties."

Article 1679, Revised Civil Statutes, reads:

"After a county free library has been established, the commissioners court shall annually set aside from the general tax fund of the county, a sum sufficient for the maintenance of said library, but not to exceed five cents on the hundred dollars valuation of all property in such county outside of all incorporated cities and towns already supporting a free public library, and upon all property within all incorporated cities and towns already supporting a free public library, and upon all property within all incorporated cities and towns already supporting a free public library which have elected to become a part of such free library systems provided in this title for the purpose of maintaining county free libraries and for purchasing property therefor."

The first legislative act authorizing free libraries to be established was passed by the 34th Legislature, Acts of 1915, ch. 117, are found on page 175 of the General Laws of Texas. This was entitled an act "to establish, maintain, operate, equip and disestablish county free libraries and county circulating libraries for the use of the citizens of this state;....", and which act underwent subsequent revisions with the last

revision, Acts of 1919, 36th legislature, found incorporated under Title 35, Articles 1677-1696, Revised Civil Statutes, 1925. It is unnecessary to set forth herein all of the above articles under Title 35, pertaining to the subject.

Our attention is directed to that provision of Article 1678, which provides that the library shall be located at the county seat in the courthouse, unless more suitable quarters are available. Article 1679, supra, provides that the commissioners' court shall annually, after a county free library has been established, set aside from the general tax fund of the county, a sum sufficient for the maintenance of said library, not to exceed five (5¢) cents on the one hundred ($100) dollars valuation of all property located as to certain territorial limits defined therein. Other provisions under Title 35 are further made for gifts and bequests for the benefit of the library, and Article 1696 provides that the county free library may be disestablished at any time upon a petition of a majority of the voters of the county wherein such county free library is maintained, asking that said library system be no longer maintained, and following such, the commissioners' court shall call in all books and movable property of the defunct county free library, storing same.

The Legislature has provided for the maintenance of such county free library under Article 1679, supra, same to be paid out of the general fund. You will note that Article 1689 provides that all funds set aside for maintaining such county free library shall constitute a separate fund to be known as the county free library fund and shall not be used for any other purposes except those of the county free library. Having authorized this method, it appears that the rule of expressio unius est exclusio alterius would apply and the county would be unauthorized to divert constitutional funds raised by taxation, as authorized and limited, Article 8, Section 9 of the Constitution of Texas, and use such funds to purchase books for and maintain such county free library as

Mr. David F. Mulcahy, June 5, 1939, Page 4

authopized in said statutes.

"Where legislation points out specifically how an act is to be done, although without it, the court or officials, under their general powers, would have been able to perform the act, yet, as the Legislature imposed a special limitation, it must be strictly pursued." Lewis' Sutherland Statutory Construction - Second Edition, Vol. II, p. 627.

"Where a power is granted and the method of its exercise is prescribed, the prescribed method excludes all others, and must be followed." - Lewis' Sutherland Statutory Construction, Vol. II, para. 572, 627, 628, 631.

It is therefore the opinion of this department that the commissioners' court is not authorized to pay for library books purchased under the provisions of Articles 1677-1696, inclusive, Revised Civil Statutes of Texas, 1925, out of the public building and improvements funds.

Trusting the above answers your questions, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Wm. J. R. King
Assistant

WmK:AW

APPROVED:

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN